# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERRY STRONG, on behalf of deceased husband, Dan Strong, Jr., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:17-cv-00866-TWP-DML ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant the United States of America's ("United States") Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Filing No. 13.) The dispute in this matter surrounds *pro se* Plaintiff, Sherry Strong's ("Strong") claim of negligence under the Federal Tort Claims Act ("FTCA"). (Filing No. 1.) Strong is proceeding in *forma pauperis*. Strong filed a claim for negligence, alleging that her husband, Dan Strong Jr., ("Dan Strong") was at the Veterans Administration ("VA") Hospital for an appointment, when he fell and was injured and later died. Upon screening the Complaint under 28 U.S.C. § 1915A(b), the Court dismissed the claim brought on behalf of Dan Strong, and allowed Strong's complaint to proceed as a wrongful death action. (Filing No. 3.) The United States contends the matter must be dismissed for lack of subject matter jurisdiction. Strong did not respond to the motion. For the reasons stated below, the United States' Motion to Dismiss is **GRANTED**.

## I. LEGAL STANDARD

The United States argues that subject matter jurisdiction is absent. Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,*

467 U.S. 822, 828 (1984), and is the first question in every case. *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003) (internal citations omitted).

The procedural vehicle used by the United States in challenging the Court's jurisdiction is its motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A court ruling on a Rule 12(b)(1) motion to dismiss must accept as true all well-pled factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993). However, where a party raises a factual question concerning jurisdiction, "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction." *Grafon Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979). In such circumstances, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Id*. The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## II. DISCUSSION

On March 20, 2017, Strong filed a Complaint under the FTCA, 28 U.S.C. § 2671, *et seq*. (Filing No. 1), seeking $30,000.00 in damages for the wrongful death of her husband. Specifically, she alleges the United States Department of Veterans Affairs ("DVA") negligently treated her husband following an injury sustained on March 3, 2015, when he fell leaving a doctor's office at

Richard L. Roudebush VA Medical Center in Indianapolis, Indiana. Tragically, her husband died at the Indianapolis VA Medical Center on March 17, 2015. *Id*.

Lawsuits against the United States for monetary damages are barred by the doctrine of sovereign immunity, except in specific circumstances when the government consents to be sued. See *Lehman v. Nakisan*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and its employees acting within the scope of their employment is the FTCA. In addition, the FTCA is the sole remedy for any tort claim resulting from the negligent or wrongful act of a government employee acting within the scope of his employment, *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). The language of the FTCA is clear that a claimant must seek administrative review prior to filing an action in federal court under the FTCA, and must allow that process to be exhausted.

The United States argues that Strong has not exhausted her administrative remedies and thus, this Court lacks subject matter jurisdiction. In support of their argument, the United States has presented an affidavit from Dennis M. McGuire, ("McGuire") chief counsel of the Midwest District East, DVA. The DVA is authorized pursuant to 38 C.F. R. §14.600 to consider, compromise or settle administrative tort claims regarding negligent acts or a DVA employee. (Filing No. 14-1 at ¶2.) McGuire affirms that the DVA received a notice of tort claim from Strong on March 23, 2017, and has not issued a decision as to the claim. *See Id*. at ¶¶ 10, 12. The claim response deadline is September 19, 2017. *Id*. at ¶ 12.

Strong's Complaint makes no allegations regarding whether she timely filed a Federal Tort Claim Notice with the DVA, or whether she fully exhausted her administrative remedies before filing suit. Because this prerequisite must be met for any tort suit against the government may

3

proceed, this Court lacks jurisdiction over this Complaint under the FTCA, and therefore must dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### IV.  <u>CONCLUSION</u>

The FTCA is clear that no legal action shall be initiated until the claim process is properly exhausted.  Strong's action is premature because she has not yet exhausted her administrative remedies.  For the reasons stated above, this action must be dismissed for lack of subject matter jurisdiction.  Accordingly, the Court **GRANTS** the Defendant's Motion to Dismiss (Filing No. 13), without prejudice.

A dismissal for lack of subject matter jurisdiction is not on the merits.  *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir.1983); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir.2004); *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir.2004).  A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.  *Id.*  Strong is also proceeding *pro se*, and in *forma pauperis*.  Strong shall have **through September 29, 2017**, to file an amended complaint or to otherwise show cause why judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").  The Court has intentionally given Strong until after the claim response deadline.  If nothing is filed by the deadline, the Court will convert the dismissal to one with prejudice and a final appealable judgment will be promptly entered.

**SO ORDERED.**

Date: 7/25/2017

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Sherry Strong
7831 Oakshot Lane
Indianapolis, Indiana  46268

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov